*E-FILED - 7/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN JONES, | ) | No. C 06-1722 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| A.P. KANE, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials at the Correctional Training Facility in Soledad, California ("CTF"). Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court now reviews the original complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the court will dismiss the instant complaint with leave to amend.

**BACKGROUND**

Plaintiff alleges that another inmate, Adams, who did not live in plaintiff's housing unit, attacked plaintiff on July 3, 2003. Plaintiff defended himself, and in doing so, he killed Adams. Plaintiff was placed in Administrative Segregation pending investigation into the incident.

1    The investigation report by prison officials, which plaintiff attaches to the
2 complaint, states that when prison officials were summoned to plaintiff's cell, they found
3 Adams lying on the floor.  Plaintiff was the only other inmate present and he stated that
4 he only hit Adams once.  Adams could not be resuscitated and died, and a subsequent
5 autopsy on Adams revealed that Adams had been strangled to death.  Plaintiff was
6 thereafter charged with murdering Adams.[1]

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff claims that defendants allowed Adams, who did not live in the same housing unit as plaintiff, to enter into the same area of the prison as plaintiff, where Adams allegedly "attacked" him.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners from violence at the hands of other prisoners.  . Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  A prisoner may state a § 1983 claim under the

---

[1] The outcome of those charges are not described in the complaint or attachments.

1 Eighth Amendment against prison officials only where the officials acted with "deliberate
2 indifference" to the threat of serious harm or injury to an inmate by another prisoner.
3 Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  A prison official cannot be held
4 liable, however, unless the standard for criminal recklessness is met, i.e., the official
5 knows of and disregards an excessive risk to inmate health or safety.  See Farmer, 511
6 U.S. at 837.  The official must both be aware of facts from which the inference could be
7 drawn that a substantial risk of serious harm exists, and he must also draw the inference.
8 See id.[2]

Here, plaintiff alleges only that defendants allowed Adams to be in the same area of the prison as plaintiff, and that the supervisory defendants "failed to monitor their subordinates to ensure that they were at their post."  There is no allegation that defendants knew that Adams was a dangerous inmate or otherwise posed a threat to plaintiff or other inmates, or that they knew facts from which they could infer that Adams's presence presented such a risk of harm.  As a result, plaintiff's complaint, even liberally construed, has failed to allege the defendants' deliberate indifference, as is necessary to state a cognizable claim for relief under the Eighth Amendment.  Plaintiff will be given leave to amend to cure this deficiency, if he can do so in good faith.

Plaintiff also claims that he was held in Administrative Segregation with "no legal justification."  The hardship associated with administrative segregation is not so severe as to violate the Due Process Clause.  See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986).  While a state created liberty interest protected by due process may, in some cases, be implicated by placement in administrative segregation, such placement is justified if supported by the "minimally stringent" standard of "some evidence."  See Sandin v. Conner, 515 U.S. 472, 477-87 (1985); Toussaint, 801 F.2d at 1104. The

---

[2] An Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842.

Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\cr.06\Jones722dwlta          3

complaint and attached investigative report indicate that Adams was found to have been strangled to death in an altercation with plaintiff.  This amounts to more than "some evidence" that plaintiff may have murdered Adams, and therefore justifies his placement in administrative segregation pending the investigation Adams's murder.  Consequently, plaintiff's allegations, even liberally construed, do not state a cognizable claim for relief based on his placement in administrative segregation.

## CONCLUSION

1. The administrative segregation claim is DISMISSED for failure to state a cognizable claim for relief.  The Eighth Amendment claim is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint curing the deficiencies of this claim described above, **within thirty days** of the date this order is filed.

2. The amended complaint must include the caption and civil case number used in this order (C 06-1722 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original complaint by reference.  Plaintiff must include all of his claims in the amended complaint.  **Failure to file an amended complaint in accordance with this order will result in the dismissal of this action.**

4. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  Plaintiff must comply with the court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/1/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\cr.06\Jones722dwlta                4