***E-FILED - 12/9/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES, | No. C 06-1722 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| vs. | |
| A.P. KANE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials at the Correctional Training Facility in Soledad, California ("CTF"). The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. The court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the court will dismiss the instant action for failure to state a cognizable claim for relief.

**BACKGROUND**

Plaintiff alleges that he killed another inmate, Adams, on July 3, 2003 after Adams tried to attack him.[1] According to plaintiff, Adams, who was housed in "Wing B" of the prison, was not supposed to be able to enter "Wing Y," where plaintiff was housed. Plaintiff alleges that defendants Walters and Dawkins were the two prison guards

---

[1] Plaintiff was eventually charged with murdering Adams.

responsible for locking and unlocking doors in plaintiff's housing unit that day, and that plaintiff alleges that defendants Gonzales and Wingo are supervisors responsible for overseeing employees' compliance with locking and unlocking procedures at the prison. Plaintiff claims that Adams was able to get to plaintiff's cell, where the altercation occurred, because of defendants' failure to properly secure the doors in plaintiff's housing unit.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff claims that defendants exposed him to danger, in violation of the Eighth Amendment, by allowing Adams access to his cell. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners from violence at the hands of other prisoners.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner.  Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  A prison official cannot be held liable, however, unless the

1  standard for criminal recklessness is met, i.e., the official knows of and disregards an
2  excessive risk to inmate health or safety. <u>See</u> <u>Farmer</u>, 511 U.S. at 837. The official must
3  both be aware of facts from which the inference could be drawn that a substantial risk of
4  serious harm exists, and he must also draw the inference. <u>See</u> <u>id.</u>[2]

5       The court dismissed the original complaint because plaintiff had failed to allege
6  that defendants had any knowledge that Adams was a dangerous inmate or presented a
7  substantial risk of serious harm to plaintiff, or that they knew facts from which they could
8  infer that Adams had presented such a risk of harm. The court granted plaintiff leave to
9  amend the complaint to cure this deficiency, but the amended complaint fails to do so.

10      The amended complaint, like the original complaint, simply alleges that defendants
11 failed to prevent Adams from gaining access to plaintiff. Plaintiff does not allege that
12 defendants knew or had any basis for knowing that Adams was able to get to plaintiff's
13 cell, and that he would attack plaintiff, until after the altercation had already occurred.
14 Plaintiff alleges that defendants knew that inmates from Adams's wing of the prison were
15 prohibited from plaintiff's housing unit. Even liberally construing this allegation,
16 however, this does not mean that defendants should have drawn an inference that there
17 was a substantial risk that Adams would seriously harm plaintiff if he entered plaintiff's
18 unit. There are at least seven different "wings" at plaintiff's prison (<u>see</u> Amended
19 Complaint, Ex. A at 3), and the reasons inmates were separated could have been for any
20 number of administrative purposes unrelated to the risk of violence, such as space and
21 other logistical considerations, programming requirements, health care needs and the like.
22 There is no allegation here Adams was in a rival gang or had been designated as a
23 dangerous inmate, that plaintiff's unit was for inmates at risk of attack from other
24 inmates, that there was any history of conflict or threats between Adams and plaintiff, that
25 there was any sign from Adams on the day of the attack that he was going to attack

---

[2] An Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. <u>See</u> <u>id.</u> at 842.

1 plaintiff, or any other allegation that Adams and plaintiff had been housed in separate
2 units because there was a risk that Adams would harm plaintiff.  Consequently, the
3 amended complaint does not cure the deficiency from the original complaint insofar as no
4 facts are alleged from that defendants knew that Adams presented a substantial risk of
5 serious harm to plaintiff.  Accordingly, the amended complaint will be dismissed.

6       The amended complaint must also be dismissed because it is clear from its face
7 that plaintiff did not properly exhaust his administrative remedies, as required by 42
8 U.S.C. § 1997e(a).  See Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v.
9 Churner, 532 U.S. 731, 739 (2001)).  Here, plaintiff states that his administrative appeals were
10 denied because they were not timely filed.  (Amended Complaint at 2; see also Complaint at 2.)
11 The PLRA exhaustion requirement requires "proper exhaustion" of available administrative
12 remedies.  Id. at 93.  "Proper exhaustion demands compliance with an agency's deadlines
13 and other critical procedural rules because no adjudicative system can function effectively
14 without imposing some orderly structure on the course of its proceedings."  Id. at 90-91
15 (footnote omitted).  A prisoner whose administrative appeals were rejected as untimely
16 therefore has not complied with the proper exhaustion requirement of § 1997e(a).  Id.  As
17 plaintiff  states here that his administrative appeals were rejected as untimely, he has not
18 properly exhausted his administrative remedies.  Accordingly, the amended complaint must be
19 dismissed for failure to exhaust, as well as for failure to cure the deficiencies in the original
20 complaint.

21 **CONCLUSION**

22       Plaintiff's amended complaint is hereby DISMISSED for failure to state a
23 cognizable claim for relief under 42 U.S.C. § 1983.  The clerk shall terminate all pending
24 motions, enter judgment and close the file.

25     IT IS SO ORDERED.
26 DATED:  12/5/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge